Mr. Lesser, you may proceed. Your Honor, may it please the Court, my name is Brian Lesser. I'm with the Office of the State Appellate Defender, and I'm representing Mr. Elmer Harris today. Mr. Harris was convicted of theft and burglary following the Burbank bench trial, and we are arguing that his burglary charge was improperly brought, and that he was subject to compulsory joinder with the earlier, and that in bringing the burglary charge after the speedy trial period had expired, his trial counsel was ineffective for failing to move to dismiss that burglary charge before trial. Is the State taking the position, and has been before the case got to court, that this does not involve compulsory rejoinder? Are they taking that position? That is what they've argued. It's not compulsory rejoinder? They've argued that compulsory rejoinder does not apply until the indictment was filed in January of 2016, and we are arguing in really three different ways that the commencement of the prosecution occurred in April of 2015. Same facts, it's the same transaction, is it not? Yes, they've argued that both charges arose from the same set of facts, and they've not contested that. They have not contested that the proper prosecuting officer at the State's Attorney's Office knew about those facts when it brought the initial facts to charges, and they've also not argued that the both charges were subject to the jurisdiction of the same court. They've only contested the commencement of the prosecution. In what sense? You mean the commencement of the prosecution? What are you saying? They've argued that a felony can only be commenced by information or indictment. We are arguing that, in this case, the prosecution was commenced, really through three ways. In the first place, that the complaint that was filed in April of 2015 suffices as information on its face, because information is defined by statute as a verified written statement signed by a State's Attorney, presented to a court, which charges the commission of an offense. And if this complaint charged the commission of an offense, was presented to the court, was a verified written statement, and it was authorized by Assistant State's Attorney Coyle. That's what it says on page three of the complaint, which says a new case information sheet. It was authorized by Assistant State's Attorney Coyle. Well, isn't there a case law in this? Doesn't the case of People v. Thomas decided by our court hold that we have held that compulsory rejoinder applies to charges filed by a verified complaint? Haven't we already addressed this? That is true, and that's really more of a question for the State, I believe, because that's what we've said in our replies, that Thomas holds that compulsory rejoinder applies pre-indictment. Thomas was a case that was more focused on a misdemeanor, which could have been brought without information or indictment, whereas this case involves both felony theft and felony perjury. So the facts are slightly different. It wouldn't apply, as I understand the case, though, to somebody charged with a uniform traffic citation. Exactly. But not in a case where it's been filed by verified complainant information. Is that your understanding? That is my understanding of what you're asking. Okay, so then what's your argument? So our second argument, then, besides that it suffices as information on its face, is that it suffices as a converted to an information. The complaint was converted to an information once the State knew about and acquiesced in the proceeding. And this is under the Sandoval Carrillo case, which I cited in my reply brief, that once the State knows about and acquiesces in a proceeding, it converts the document into an information, which thereby brings the charges for a felony. And I'm arguing that Assistant State's Attorney Bedurka knew about and acquiesced in this proceeding, that Mr. Harris was arrested, taken into custody, released on bail, appointed a public defender. At that point, ASA Bedurka filed a motion to require Mr. Harris to compensate the State for the cost of his defense from prosecution. And in doing so, he showed that he knew about the proceeding, he was acquiescing in the proceeding, and the document recognizes that the prosecution has already commenced, that he is being ordered to pay for the cost of his defense from the prosecution, and that in doing so, the prosecution had to have been commenced before he filed his written speedy trial demand, and that ASA Bedurka then proceeded for nine months to conduct discovery and prepare for trial, which shows that the prosecution had been commenced, and that the document was an information for a compulsory joinder and speedy trial purposes. Our third and really final argument is that, as a practical matter, even if this complaint does not suffice as an information, the prosecution still was commenced, albeit improperly. That the commencement of a prosecution statute allows the prosecution to be commenced by information, indictment, or complaint, and that even though a felony can only be brought by information or indictment, a complaint still can commence a prosecution for compulsory joinder and speedy trial purposes, and that to hold otherwise would be to elevate form over substance in how the State brings the charges, in this case, beyond the speedy trial period, and the real question is in the compulsory joinder statute, the element of whether or not the proper prosecuting officer knew about the facts when the charges were initially brought. So that's really what this case should be about, is whether or not the State's Attorney's Office knew about the underlying facts when it brought the initial felony fact charges. So we've done that. I believe they've already conceded they knew about them. They're not taking that position. They haven't argued it, and so I think that compulsory joinder does apply, and that the speedy trial period expired, and they did not, and that is exactly what we are arguing in this case. Any questions? No. No. So we'd argue then, Your Honor, that because Mr. Harris' speedy trial rights were violated in this case, you should dismiss his conviction for perjury. Thank you. We would vacate it. Vacate his conviction. Thank you. You'll have an opportunity to make a vote. Thank you. Thank you, Your Honor. Mr. Taylor, you may proceed. Your Honor, Counsel, my name is Ivan Oliver Taylor, Jr. I'm writing on behalf of the State. The defendant's claim in the defense system, Counsel, should fall for two reasons. First and foremost, a prosecution had not yet commenced. Thus, the Williams rule that the defendant's using for the basis of their defense system counsel claim does not apply here. The General Assembly has defined prosecution for us. It defines it as commencing the return of the indictment or the issuance of the information. Furthermore, as stated, that all prosecutions of felonies shall be by information or by indictment. In this case, there are two charges of felony theft, one charge of felony perjury. The warrant to commence a prosecution for those charges, it must be by information or indictment. In this case, it was by indictment. I think you're reading the act correctly, but the question I have, and I mentioned or asked the question of the defense counsel earlier, we have this Thomas case out of our district that holds a compulsory joint or applies to charges filed by a verified complaint. So how does that distinguish from this case? I'm sorry. I believe that case was dealing with a misdemeanor case as opposed to a felony, and that's why. Because the General Assembly also stated that all other prosecutions may be by indictment, information, or complaint. That would mean a misdemeanor can be started by complaint. And thus that's when that prosecution will start. So compulsory joint will apply then. Or it could start by indictment, couldn't it? Because, yeah, a misdemeanor could start by indictment as well. So I guess I understand. What would be the point then of requiring it to have to be an indictment information versus a verified complaint that later becomes? Why would compulsory joint apply in one instance and not the other? What's the rationale for that if the prosecution knows of both offenses at the same time? That has to relate to our Illinois Constitution, because it states that no one shall be held to answer for a crime punishable by imprisonment in the penitentiary unless either the initial charge has been brought by indictment or a jury or a person has been given a prompt preliminary hearing established at probable cause. So the difference is between the fact of the matter is we have misdemeanors and felonies. For felonies to – felonies are more serious offenses. As such, that's why they require either indictment or an information. The indictment has a grand jury actually determine a suspicion of probable cause of bringing a particular complaint, a particular charges against the individual. While for information, it comes after the preliminary hearing, in which during that there's an adversarial nature in which the defendant's attorney as well as the prosecutor has the judge determine what is probable cause. Well, let me ask you this question, and this is from the Supreme Court, People v. Quigley and other cases. They've held that the compulsory joiner statute was enacted to prevent the prosecution of multiple offenses in a piecemeal fashion. So how does your proposal meet with that Supreme Court maxim? Because that would be piecemeal. You're saying you can add – because it was commenced by a verified complaint, you can always add a new charge. How does that square with that definition? This leads to – my second reason is to why the defendant's claim of infestation of counsel should fail. In the case of Phipps, it also deals with a claim of an infestation of counsel due to the fact that the defense counsel did not bring a claim to deny prosecution on a later charged case. In Phipps, they discuss Williams and state that the purpose of Williams is to prevent trial by ambush. But that rationale doesn't apply because the original document gave the defendant notice of the subsequent charge from the outset of the prosecution. In this case, as the defense counsel – as the defendant has noted within the brief, the investigating officer was investigating Burberry. The defendant stated that he did not want to be charged with Burberry. The reason for the theft charged against the defendant was because he entered a building and took items from that building. The defendant was not purchased as a Burberry charge was not something that was surprising to him. But it was also wasn't surprising to the state either, was it? It was not. That's correct. So why is it his burden as opposed – if the state knows, according to the case law, that these offenses arose from the same transaction, aren't they supposed to charge it at the same time? The state gets used to commensurate prosecution at the same time. It's going by what the jury assembly has defined what a prosecution was, how to commence a prosecution for a felony. So you're all in on the nature of the argument or the instrument. You have to be all in on that theory. It's the nature of the instrument that decides whether or not the post rejoinder applies, not the same transaction. Is that your argument? It is the state's position that the state is bound by what the jury assembly has told us. It has told us that felonies, prosecutions can only be commenced by indictment or information. What makes an information? I think that's what we – we all agree in indictment information. What – if I have a blank piece of paper, what has to be on that in order for it to become an information? I believe information needs to be verified by the prosecuting attorney. Unfortunately, I currently don't have that. Like the nature of the offense, the name of the defendant, let's assume something that indicates venue is proper in this location, right? People of the state of Illinois versus a case number signed by an assistant state's attorney. Right? That's correct, yes. Does it – is it negated if all of that information is on a piece of paper? Does it become something less because it doesn't have the word information written on it? It seems that way, Your Honor. Okay. I mean, if that's your position, I appreciate it. So it must say information because that's what puts defendant on notice. Hey, we're in the game now. The prosecution has begun. That doesn't know that the prosecution has commenced, correct? By law, the prosecution has commenced. They wouldn't know in a verified complaint if the prosecution had commenced? They couldn't ignore it, certainly. With a verified complaint, we know it's criminal proceedings, but legally it's not a prosecution. Just so I understand this, the state's position would be then we can know about a myriad of charges, but we file that complaint and we move that along and move that along almost indefinitely, and then right when we're ready to go to trial, we take the same piece of paper, now add the word information to it, and defendant's prior motion for a speedy trial is of no accord. Not at all, Your Honor. A speedy trial has no bearing where or not a prosecution has started, just when the defendant is currently in custody or when the defendant has been released on bail or consistent. Right. And then he files a speedy trial demand. A speedy trial. And in this particular case, the defendant kept agreeing to continuances. No one forced the defendant to do so. The defendant could have just abided by his right under the speedy trial act. Right. And he was agreeing to continue those theft cases. Correct. He was agreeing to continue. If the defendant had not agreed to make any continuances, just stuck to a speedy trial, then unless the prosecutor had promised the prosecution with the correct filing of the indictment or information, then it would have been too late. But in this particular case, not only – Wait, wait, wait. So you're saying if the defendant had not agreed to any of these continuances, then the State could never have brought the burglary charge? If the defendant had not agreed to any continuances, the trial would have already occurred before the State would have given the submission to the grand jury to allow the indictment in January. I believe the original – the original demonstrative trial was in April of 2015. The actual trial never happened until August of 2016. Yeah, but he's continuing the theft charges. He can't continue a charge that hasn't been brought against him, can he? In this case, he was well aware that from his theft charges burglary was also a charge against him. But it wasn't charged against – again, can we make a motion? What would you do if somebody made a motion to dismiss a nonexisting charge? What would you do? You'd do nothing, right? Or you'd simply say it's nonsense. There's no charge pending. It depends on when a speedy trial had run by that point. A speedy trial, if at the point that the save was the day before trial, then, yeah, we have issues there. But that's not the case here. Not only was in January 2016 still – still a couple months away from the trial date at that point. The trial – the defense still kept asking and agreed to more continuances until the trial officially occurred in August of 2016. When did the defendant ever agree to a continuance on the burglary charge? That's my question. Prior to January. Prior to January, defense continues – the defense agrees to continuances. We're about to complain about that. Correct. So when did he ever agree to continuances on this burglary charge? I mean, the answer is he couldn't. We don't want to put you on the spot because the answer is he couldn't. He didn't, right? I mean, if it's not pending, how can he agree to continue it? The state system will stick by its previous arguments. Okay. Fair enough. Yeah. Are there any more questions you want to ask? Have you seen an opinion written by Justice Burkett recently regarding when a prosecution commences? Do you know the name? I do not recall – do you know the name of that particular – Well, I will find it. I think I was on the panel, and I think it came out of DuPage County, but I'm not sure. Was it a Rule 23? No, I think it was an opinion because it basically decided the issue of the commencement of a prosecution for purpose of somebody who was in jail and who supposedly made threats while in jail but hadn't been indicted yet but was in jail in any event under arrest and so on. And whether or not for purposes of whether or not commencement of prosecution had occurred, he made a disposition which may be germane to this case. I'm not going to mention what the outcome was because it may be going through final proofs, but there is an opinion or a disposition that Justice Burkett wrote, and I'm not sure whether it's out or not, but it's on point, I think. Thank you, Your Honors. The people asked this panel to affirm the defense's conviction for Gregory. Okay. Do you wish to reply? I'm sorry. You may proceed, Justice Jorgenson. Thank you so much. Don't forget, I'm here too, Bob. Okay. Don, you can ask. Tell him he can proceed. Your Honor, I think I have four quick points for rebuttal. The first case you're thinking about is Townsell. Pardon? Townsell, T-O-W-N-S-E-L. And it was actually about bringing charges, not commencement of a prosecution. But I do have a quick quote from that case where the court held that a defendant clearly charged with a felony, regardless of the formal requisites for filing a felony charge, even though it was a complaint not an information. Opposing counsel brought up the requirement of a preliminary hearing in bringing up an indictment, that the statute actually requires a preliminary hearing to pursue the charges, as in to trial, not to commence the charges for the prosecution. Opposing counsel also brings up the fifth case in which an aggravated DUI was not a new and additional charge of a reckless homicide, because they were essentially a lesser-included offense in that case. And my third argument, and really my final point, is really that the whole purpose of a speedy trial and compulsory jury was designed to interlock, to present this piecemeal litigation, to prevent trial by ambush. And that to hold that a defendant can't invoke the speedy trial rights in this situation would allow the state to arrest somebody, hold them for three years after charging them with a complaint, until essentially the statute of limitations is about to run, and then indict them. And that would just be an unreasonable outcome. Unless you have any further questions, Your Honor. I don't believe so. No. Thank you. We'll take the case under advisement. There are other cases on the call. We'll take a short break.